IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ESTELA CENTENO-RODRIGUEZ, ANGELICA MANCERA Individually and on Behalf of all Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> A 3 H FOODS, LP., d/b/a Jack in The Box, <br> Defendant. | § § § § § § § § § § § § § <br><br> CASE NO. _____ <br><br><br> JURY DEMANDED |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Estela Centeno-Rodriguez and Angelica Mancera, individually and on behalf of all other similarly situated individuals, by and through their undersigned counsel, file this Original Complaint and aver as follows:

**A. NATURE OF ACTION**

1. This is a Collective Action Complaint brought to obtain relief on behalf of a class of individuals who and related work for A3H FOODS, LP., d/b/a Jack In The Box, (hereinafter, "JIB" or "Defendant"), to recover unpaid overtime wages, lost wages, liquidated damages, and attorney's fees. Plaintiffs, and would-be Plaintiffs, allege violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

2. Defendant owns and operates Jack in the Box restaurants. Defendant employs Plaintiffs, and would-be Plaintiffs, to prepare food, work as cashiers, conduct inventory, and provide

customer service to clients at their restaurant.

3. The FLSA collective group consists of all individuals who operate(d) as cooks, cashiers, or food processors for Defendant and who are, or were, classified as employees working for Defendant at any time during the applicable limitations period ("Class" or "cooks/cashiers").

4. This action challenges both the classification of cooks/cashiers and Defendant's denial to Plaintiffs, and the Class, of the rights, obligations, privileges, and benefits owed to them as employees.

## B. JURISDICTION AND VENUE

5. Plaintiffs' claims arise under the FLSA. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

7. Upon information and belief, there are numerous members of the proposed Federal Collective Group.

## C. THE PARTIES

8. Plaintiff Estela Centeno-Rodriguez is an individual residing in Houston, Harris County, Texas. Plaintiff Centeno Rodriguez is employed by JIB.

9. Plaintiff Angelica Mancera is an individual residing in Harris County, Texas. Plaintiff Mancera is employed by JIB.

10. Plaintiff Alinson Eguea is an individual residing in Houston, Harris County, Texas. Plaintiff Eguea is employed by JIB.

11. Plaintiffs work as cooks, cashiers, and food processors at Jack in the Box. Plaintiffs

regularly worked approximately 40-50 hours per week yet did not receive full regular pay nor overtime premium pay at any time during the relevant time period.

12. Defendant A3H Foods, LP., is a Domestic Limited Partnership with its principal place of business in Spring, Texas, United States. Defendant may be served through its registered agent, Mark Holmes, at 20008 Champion Forest Dr. Suite 501, Spring, Texas 77379.

13. Defendant hires individuals, whom it classifies as cooks, cashiers, and food processors, to service their restaurant and provide customer service to clients.

### D. COLLECTIVE ACTION ALLEGATIONS

14. For purposes of this action, the "relevant period" is defined as the period commencing three years prior to the date this lawsuit was filed and continuing thereafter.

15. Plaintiffs bring this Complaint as a collective action, alleging violations of the FLSA on behalf of themselves and all similarly situated individuals. This "Federal Collective Group" is defined as three subclasses:

> All individuals who, through a contract with Defendants or otherwise, performed or perform as cashiers, cooks, or food processors for Defendant under an agreement with JIB and who were classified by Defendants as "employees" (collectively "Covered Positions") from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period, who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

> All individuals who, through a contract with Defendants or otherwise, performed or perform as employees for Defendants under an agreement with JIB, and who were classified by Defendants as "independent contractors" (collectively "Covered Positions") from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period, who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

> All individuals who, through a contract with Defendants or otherwise, performed or perform as Fitters for Defendants under an agreement with JIB, and who were classified by Defendants as

"independent contractors" (collectively "Covered Positions") from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period, who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

16. The "Federal Collective Group" also includes the named Plaintiffs in this action. Plaintiffs reserve the right to modify this definition prior to conditional certification of the collective group.

17. Plaintiffs, along with current and former employees of Defendant in covered positions, are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Defendants' common practice, policy, or plan of controlling their daily job functions.

18. Questions of law and fact that are common to the proposed Federal Collective Group predominate over any individual questions. Among such common questions of law and fact include:

    a. Whether cashiers, cooks, and food processors are employees subject to JIB's control and thus entitled to relief under the Fair Labor Standards Act?

    b. Whether cashiers, cooks, and food processors are entitled to full regular pay and overtime pay premiums under federal law?

19. Defendants regularly permitted and required Plaintiffs and members of the proposed Federal Collective Group to work more than 40 hours per week without full regular pay not overtime compensation.

20. Upon information and belief, Defendants knew that Plaintiffs and all similarly situated individuals performed work that required full regular pay and overtime pay.

21. Defendants have operated under a scheme to deprive Plaintiffs and members of the proposed Federal Collective Group of full regular pay and overtime compensation by failing to promptly compensate them for all time worked.

22. Defendants' conduct, as set forth in this Complaint, was willful and has caused significant damages to Plaintiffs and all similarly situated individuals.

23. The complaint of Plaintiffs, and those similarly situated, for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to U.S.C. § 216(b) because the claims of Plaintiffs, and those similarly situated, are similar to the claims of current and former "cashiers, cooks, and food processors" who worked for Defendants.

24. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and all similarly situated individuals and notice of this lawsuit should be sent to them. Those similarly situated employees are known to Defendants and are readily available through Defendant's payroll records.

### E. FACTUAL BASIS

25. At all times relevant to this lawsuit, Defendant JIB was, and remains, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C Section 203 and is subject to the FLSA.

26. Defendant, JIB produces food services to their clients.

27. Defendant's annual revenues exceeded $500,000 in each of the last five years.

28. Defendant employed Plaintiffs at all relevant times within the meaning of the FLSA. 29 U.S.C. Section 203(g).

29. Plaintiffs were employed in an enterprise engaged in commerce or in the production of goods for commerce. In performing their duties for Defendant, Plaintiffs were engaged in commerce or in the production of goods for commerce.

30. Plaintiffs were employed as cashiers, cooks, and food processors.

31. Plaintiffs did not have any formal training, did not have the power to hire or fire employees, and were not engaged in office and/or non-manual work.

32. Plaintiffs perform no administrative duties.

33. Plaintiffs customarily and regularly worked hours in excess of forty (40) hours per week. In performing their duties, Plaintiffs regularly works up to, and in excess of, 40-50 hours per week.

34. Upon information and belief, other similarly situated employees also customarily and regularly work hours in excess of forty (40) hours per week and were paid in a fashion similar to Plaintiffs.

35. The work performed by Plaintiffs, and other similarly situated employees, was within Defendant's knowledge. Defendant set Plaintiffs, and similarly situated employees, schedules, assigned work, and supervised the work.

36. Plaintiffs, and similarly situated employees, are and were entitled to full regular compensation and overtime compensation at one-and-one-half times their regular rates of pay for all hours worked in excess of forty in a workweek. Defendant did not pay Plaintiffs, nor similarly situated employees, the entitled regular pay nor one-and-one-half times their regular rates of pay for hours worked in excess of forty per week.

37. Defendant's failure to properly compensate regular compensation violates 29 U.S.C. § 207(d).

### F. CAUSE OF ACTION: FAILURE TO PAY OVERTIME TO FEDERAL COLLECTIVE GROUP

38. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

39. Section 206(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
>
> 29 U.S.C. § 207(a)(1).

40. Section 206(d) of the FLSA provides in pertinent part:

> Every employer shall pay to each of his employees (other than an employee to whom subsection (a)(5) [1] applies) who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, and who in such workweek is brought within the purview of this section by the amendments made to this chapter by the Fair Labor Standards Amendments of 1966, title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.], or the Fair Labor Standards Amendments of 1974, wages at the following rate: Effective after December 31, 1977, not less than the minimum wage rate in effect under subsection (a)(1).
>
> 29 U.S.C. § 207(d).

41. There are no exemptions applicable to Plaintiffs or to other members of the Federal Collective Group.

42. For purposes of the FLSA, the employment practices of Defendants were and are uniform in all respects material to the claims asserted in this Complaint.

43. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

44. In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime wages to Plaintiffs and other members of the Federal Collective Group.

45. As a result of Defendants failure to pay full regular pay and overtime premium wages, Plaintiffs, and other members of the Federal Collective Group, were damaged in an amount to be proved at trial.

46. Therefore, Plaintiffs respectfully demand that they, and other members of the Federal Collective Group, be paid full regular pay and overtime compensation as required by the FLSA for every hour of overtime worked in any workweek for which they were not compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

### G. JURY DEMAND

47. Plaintiffs demand a jury on all issues to be tried in this matter. Plaintiffs have submitted the jury demand and herein submit the jury fee.

### H. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and those similarly situated, request of this Court the following relief on behalf of themselves, all members of the Class and all other similarly situated individuals:

   a. That the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

   b. That the Court enter an order for declaratory and injunctive relief designating the Plaintiffs and members of the Federal Collective Group as employees and enjoining Defendants from pursuing illegal policies, acts, and practices described in this complaint;

   c. Judgement declaring the Defendants' conduct as willful;

   d. Judgment awarding Plaintiff and others similarly situated all unpaid regular wages and overtime wages, liquidated damages, attorneys' fees and costs under the FLSA;

    e.  An award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    f.  All such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully submitted,



By: _____
Alfonso Kennard, Jr.
Texas Bar No.: 24036888
S.D. Federal No.: 713316
Alfonso.Kennard@kennardlaw.com
Eddie Hodges, Jr.
Texas Bar No.: 24116523
S.D. Federal Bar No.: 3479748
Eddie.Hodges@kennardlaw.com
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
(713) 742-0900 (main)
(832) 558-9412 (facsimile)

**ATTORNEYS-IN-CHARGE FOR PLAINTIFF**